UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE MONILISA COLLECTION, INC.,

                  **Plaintiff,**

-vs-                                            **Case No.  6:11-cv-360-Orl-31GJK**

CLARKE PRODUCTS, INC.  AND ZON
WALK-IN BATHS, LLC,

                  **Defendants.**

# ORDER

      This matter comes before the Court on Defendant Zon Walk-In Baths LLC's ("Zon")

Motion to Dismiss (Doc. 35), Defendant Clarke Products, Inc.'s ("Clarke") Motion to Dismiss

(Doc. 37), Plaintiff The MoniLisa Collection, Inc.'s ("MoniLisa") Response (Doc. 41) to Zon's

Motion, MoniLisa's Response (Doc. 42) to Clarke's Motion, and Zon's Reply (Doc. 45).

**I. Background**[1]

      MoniLisa, a Florida corporation, designed a walk-in bathtub called the Olivia in 2008. In

early 2010, MoniLisa entered into a contract with Clarke, a Texas corporation, for Clarke to

exclusively manufacture the Olivia. In September 2010, MoniLisa entered into an agreement to

sell ownership rights of the Olivia design to Zon, a Florida corporation. A week after a meeting

between Zon and Clarke, Zon informed MoniLisa that it would not be going through with the

purchasing agreement for the Olivia design.

----

      [1] For purposes of this motion, this Court accepts as true all facts alleged in the First Amended
Complaint (Doc. 33). *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

MoniLisa alleges Zon and Clarke entered into an agreement where Clarke would manufacture the Olivia design and Zon would sell it under the product name "Sunlight," effectively stealing the design from MoniLisa. In the First Amended Complaint (Doc. 33), MoniLisa asserts claims against both Zon and Clarke for misappropriation of trade secrets (Count I), violation of the Lanham Act (Count II), violation of the Florida Deceptive and Unfair Trade Practices Act (Count III), breach of contract (Count IV), and breach of implied covenant of good faith and fair dealing (Count V).

Defendants now argue for dismissal of all counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Defendants also argue that if the Lanham Act claim is dismissed, then the entire case should be dismissed for lack of subject-matter jurisdiction.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Rule 12(b)(1) challenges the existence of the federal court's subject-matter jurisdiction over the particular case. Subject-matter jurisdiction for civil cases exists for federal courts when there is a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or when then amount in controversy exceeds $75,000 and is between citizens of two different states, 28 U.S.C. § 1332. For jurisdiction to exist under 28 U.S.C. § 1332, no plaintiff can share residence in the same state with any defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). When subject-matter jurisdiction exists, a court can choose to exercise supplemental jurisdiction over state claims that "form part of the same case or controversy" as the federal cause of action. 28 U.S.C. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

### III. Analysis

#### A. 12(b)(6) Motion to Dismiss for Failure to State a Claim

First, this Court must determine whether Count II of the First Amended Complaint, which asserts a claim under the Lanham Act,[2] survives the motion to dismiss. MoniLisa, in its responses, argues Count II sufficiently alleges either a reverse passing off claim under 15 U.S.C. § 1125(a)(1)(a) or a false advertising claim under 15 U.S.C. § 1125(a)(1)(b).

#### 1. Reverse Passing Off Under § 43(a)

The Lanham Act establishes a private right of action against any person who uses "a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003) (quoting 28 U.S.C. § 1125(a)(1)(a)). Reverse passing off occurs when "[a] producer misrepresents someone else's goods or services as his own."[3] *Id.* at 28 n.1. As set forth in *Dastar*, the Lanham Act was not intended to protect originality or creativity, and therefore the "origin of goods" language in the Act refers to the production of the tangible goods offered for sale, and not to the authorship of any idea, concept, or communication embodied in those goods. *Dastar*, 539 U.S. at 37.

---

[2] The Lanham Act is the popular name of the legislation establishing a plethora of different trademark causes of action. Sections 43(a) and 43(b) of the Act are popularly used to reference claims being brought under sections 1125(a)(1)(a) and 1125(a)(1)(b) of the U.S. Code, respectively.

[3] In a "classic" passing off scenario, the defendant tries to mislead consumers into thinking that goods he produced were produced by the more well-known or well-respected plaintiff. *See, e.g.*, *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231 (11th Cir. 2007).

Here, MoniLisa's reverse passing off claim is foreclosed by *Dastar*. The alleged misrepresentations have to do with the origin of the Sunlight bathtub *design* as opposed to the *production* origin of the bathtub. For example, MoniLisa alleges "the Defendants are purposefully *manufacturing*, marketing, and selling the Olivia to the general public under the name 'Sunlight' in order to trick the public." (Doc. 33 at 8) (emphasis added). There can be no reverse passing off claim if the Defendants are the actual manufacturers of the product being sold. *See Dastar*, 539 U.S. at 38 (holding that defendant's manufacturing of the product foreclosed a reverse passing off claim).

MoniLisa attempts to distinguish its case for reverse passing off from the *Dastar* case by arguing *Dastar*'s holding is limited to cases where the original design is modified, altered, supplemented, or cut-up before being sold. In this case, MoniLisa argues the complete design is allegedly being copied. (Doc. 33 at 4-5). This distinction is unpersuasive, however, as it ignores *Dastar*'s intended separation of Lanham Act protections from patent and copyright protections so as to avoid the creation of effectively perpetual patents and copyrights. *See Dastar*, 539 U.S. at 37.

### 2. False Advertising Under § 43(b)

In addition to the § 43(a) claim for reverse passing off, MoniLisa also alleges a § 43(b) claim for false advertising. In its response to the instant motion, MoniLisa points to four instances of allegedly false advertising included in a Sunlight brochure. The alleged falsehoods are in regard to (1) the origin and ownership of the Sunlight, (2) the exclusivity of the adjustable hydrotherapy system, (3) the uniqueness of the slip-resistant bottom, and (4) the ability of the bath surface to prevent bacteria growth. (Doc. 41 at 7-8). However, the only allegation of false advertising raised in the First Amended Complaint is one regarding the origin of the Sunlight design. The other three

examples of false advertising, although they appear in the Sunlight brochure attached to the complaint, are only raised as a basis for liability in the response to the instant motion. Because of this, the Court will only analyze the allegedly false claim as to ownership of the Sunlight design.

As other courts have recognized, MoniLisa's false advertising claim regarding the design origin of the product is also foreclosed by *Dastar*. *See Smartix Intern. Corp. v. MasterCard Intern. LLC*, 2008 WL 4444554, No. 06 CV 5174(GBD), at *6 (S.D.N.Y. Sept. 30, 2008) (dismissing a reverse passing off claim restated as a false advertising claim because a representation as to authorship is not related to the nature, characteristics, or quality of the product); *see also Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1306-07 (Fed. Cir 2009) (dismissing a false advertising claim because the representation had to do with authorship of an idea rather than the characteristics of the product itself). Therefore, the Court will dismiss Count II with prejudice for failure to state an actionable claim for either reverse passing off or false advertising.

**B. 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Once Count II is dismissed, no basis for federal-question jurisdiction under § 1331 remains. Diversity jurisdiction under § 1332 also does not exist, as both the Plaintiff and Defendant Zon are Florida residents. (Doc. 33 at 2). Defendants therefore argue the entire case should be dismissed for lack of subject-matter jurisdiction. However, dismissal of all counts for lack of subject-matter jurisdiction is only proper if the federal claim clearly was "immaterial and made solely for the purpose of obtaining jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Instead, "when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction . . . over pendent state-law claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). MoniLisa's claims under the Lanham

Act were not wholly immaterial, insubstantial, or frivolous; and thus this Court may exercise its

discretion as to whether it should exercise supplemental jurisdiction. After reviewing the

remaining claims, however, the Court will not exercise jurisdiction pursuant to 28 U.S.C.

§ 1367(c)(3) and will dismiss all remaining counts without prejudice.

**IV. Conclusion**

MoniLisa cannot assert Lanham claims for the alleged theft of the design under § 43(a) for

reverse passing off or under § 43(b) for false advertising. With no federal question at issue in this

case, the Court will not exercise supplemental jurisdiction over the pendent state claims.

Accordingly, it is **ORDERED** that

Defendants' Motion to Dismiss Amended Complaint (Doc. 35) is **GRANTED IN PART**

and **DENIED IN PART**. Count II is **DISMISSED WITH PREJUDICE**. All other counts are

**DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to close the file.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 20, 2011.

Copies furnished to:

Counsel of Record
Unrepresented Party